UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JENNIFER JAMIEL,                                                                                                          Plaintiff,

v.                                                                                   Civil Action No. 3:15-cv-436-DJH-CHL

STATE FARM FIRE AND CASUALTY
COMPANY,                                                                                                              Defendant.

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Plaintiff Jennifer Jamiel has moved to remand this case to state court. (Docket No. 7) In briefings, she states that the case is worth less than $75,000. (*Id.*; D.N. 11) But she has not, as the defendant points out, provided the Court with an unequivocal statement and stipulation limiting damages. *See Egan v. Premier Scales and Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002). "To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Id*. Though the defendant has requested that the plaintiff sign a stipulation, she has not. (D.N. 10, PageID # 31)

Moreover, the defendant has shown, by a preponderance of the evidence, that the plaintiff seeks damages in excess of $75,000. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (citing *Gafford v. General Elec.*, 997 F.2d 150, 158 (6th Cir. 1993)). First, the plaintiff seeks damages under her homeowner's insurance policy for personal property. (D.N. 1-1) The defendant partly paid on the policy, but then ceased payments when it determined that she submitted claims for items owned by non-relative members of the household as her own. (D.N. 10, PageID # 29) The defendant alleges that this violates the concealment or fraud provision of the policy. (*Id.*) The plaintiff contends she is owed the remaining amount on the policy, about $60,000. (D.N. 1-1; 10, PageID # 31) Next, the plaintiff also seeks unspecified

1

damages for further benefits under her policy, including additional living expenses, loss or damaged business equipment, and loss of use. (D.N. 1-1, PageID # 6-7) Absent an unequivocal stipulation, it appears that plaintiff's damages exceed the requisite jurisdictional amount. 28 U.S.C. §§ 1332, 1441. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

    **ORDERED** that the Plaintiff's motion to remand (D.N. 7) is **DENIED**.

January 5, 2016

                                                  **David J. Hale, Judge**
                                        **United States District Court**